# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BEAD FILTERS INTERNATIONAL, LLC and RONALD F. MALONE | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. SA-09-CV-105-XR |
| CHRISTOPHER MILLS and INTERNATIONAL FILTER SOLUTIONS, INC. | § § § § § | |
| *Defendants*. | § | |

**ORDER ON MOTION TO ENFORCE PROTECTIVE ORDER AND SANCTIONS**

On this day, the Court considered Plaintiffs' Motion to Enforce the Protective Order and Motion for Sanctions (Docket Entry No. 46). Having reviewed Plaintiffs' motion and Defendants' response, the Court hereby GRANTS the motion in accordance with the ORDERS set forth below.

## Background

Bead Filters International, LLC and Ronald F. Malone ("Plaintiffs") filed suit against Christopher Mills and International Filter Solutions, Inc. ("Defendants") for federal patent infringement, federal trademark infringement, violations of statutory and common-law unfair competition, palming off, false designation of origin or source, violations of statutory and common-law false advertising, misappropriation of trade secrets and confidential information, and breach of confidential information. (*See* Pl.'s Original Compl. (Feb. 6, 2009) [Docket Entry No. 1].) Plaintiffs filed a motion for summary judgment to which Defendants responded. (See Def.s' Resp. to Pl.s' Mot. for Summ. J. (Oct. 2, 2009) [Docket Entry No. 38].) In support of its response, Defendants included the affidavit of Defendant Christopher Mills along with an attached Exhibit 1. Exhibit 1

1

contained the stamp: "ATTORNEY'S EYES ONLY." Six days later, Plaintiffs filed a motion to seal that Exhibit pursuant to an existing protective order. (Pl.s' Mot. to File Under Seal (Oct. 8, 2009) [Docket Entry No. 41].) The Court granted the motion to seal. (Order (Oct. 13, 2009) [Docket Entry No. 44].)

## Parties' Arguments

Plaintiffs filed a motion to enforce the protective order and for sanctions. (Pl.s' Mot. to Enforce Protective Order and for Sanctions (Oct. 21, 2009) [Docket Entry No. 46] ("Mot.").) They argue that Defendant Mills was unjustified in his review of the confidential document marked for counsel's review only. (*Id.* at 2.) They further note that Defendants' counsel did not abide by the procedures established by the protective order to challenge the confidential designation. (*Id.*) Plaintiffs argue that Defendants improperly filed the document publicly and have no way of knowing the extent to which the document may have been viewed by others not connected to the litigation. (*Id.* at 3.) They ask the Court to sanction Defendants, requesting "[a]t the very least, [that] Defendants should be required to pay Plaintiffs' attorney fees spent in preparing both [the motion to enforce the protective order and for sanctions] and Plaintiffs' Motion to Place Exhibit 1 Under Seal." (*Id.* at 4.)

Defendants respond that Plaintiff have themselves violated the protective order by submitting portions of confidential depositions in public filings, and in spite of this, Defendants have not requested sanctions. (Def.s' Resp. to Pl.s' Mot. to Enforce Protective Order and for Sanctions (Oct. 21, 2009) [Docket Entry No. 54] ("Resp.").) Defendants oppose the enforcement of the protective order and state that sanctions should not be imposed because Defendants' actions were not wilful or in bad faith.

**Legal Standard**

Pursuant to Rule 16(f), the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f); *see also Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 641–42 (5th Cir. 2008) (upholding sanctions imposed by trial court as within the authority of Federal Rule of Civil Procedure 16(f)); *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290 (5th Cir. 2002) (upholding civil contempt order imposed as a sanction for party's violation of a protective order). Sanctions authorized by Rule 37(b)(2)(A) include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A)(ii)–(vii). The district court may rely on its inherent power to impose sanctions when a party's conduct is not effectively sanctionable pursuant to an existing rule. *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001).

**Analysis**

The record demonstrates clearly: (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court order. *See Lyn-Lea Travel Corp.*, 283 F.3d at 291. This Court entered a protective order on September 10, 2009. (Protective Order (Sept. 10, 2009) [Docket Entry No. 29].) The Order describes the nature of confidential information and describes the procedures by which a party may

challenge and invoke the protective order.[1]

The pleadings establish that Defendants' counsel presented a document marked "For Attorney's Eyes Only" to his client and included it in a public pleading in violation of the Protective Order issued by this Court. To mitigate culpability, counsel argues that Plaintiffs have likewise violated the protective order by including excerpts from depositions that the parties agreed would be confidential. Defendants' disclosures, however, are not remarkably similar to Plaintiffs' lapse as Plaintiffs allege. The circumstances are not only distinguishable, but irrelevant to assessing this motion. Defendants had the opportunity to move to enforce the protective order or file a motion to seal the confidential deposition excerpts had they considered the violation so egregious as to warrant protection. Unlike the "Confidential" designation that requires that the documents not be placed in the public domain, the "For Attorney's Eyes Only" designation also requires that counsel refrain from presenting the document to his client. Here, counsel violated both aspects of the "For

---

[1]The Order reads in relevant part: "'Confidential' information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as 'For Counsel Only' (or 'Attorneys' Eyes Only') shall be restricted in circulation to Qualified Persons described in [the Protective Order]. (Protective Order ¶ 6(a).) The order further reads:
> A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

(*Id.* ¶ 9.)

Attorney's Eyes Only" designation: he disclosed the document to his client and disclosed it to the public.

The issue before this Court is whether disclosure of the document designated as "For Attorney's Eyes Only" violated the protective order and whether sanctions are warranted. Defendants state that their actions were not wilful nor in bad faith. Plaintiffs cite the high number of documents produced in this lawsuit and a related lawsuit to support their claim that the disclosure was inadvertent. Counsel admits that the disclosure "was the product of counsel's inadvertence during the period shortly before his departure for vacation when great time pressure was created by the many filings of opposing counsel that required a response." (Resp. at 4). The lack of wilfulness, however, does not preclude the imposition of civil sanctions. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949). Even if counsel inadvertently disclosed the document to the client, he then engaged in the additional steps of securing an affidavit from the client regarding that document, preparing a response to a motion that included information based on that document, and then publicly filing the document. Counsel was presented with multiple opportunities in preparing the documents to prevent or rectify his error but failed to do so.

Upon notice that the document was presented to the public, Plaintiffs incurred the expense of moving the Court to seal the document. Moreover, even if their designation of the document is found to be incorrect, the parties are entitled to rely on those designations in the course of litigation. Defendants challenge this designation stating that the contents are not of a sensitive nature to provide persons with expertise in the area to obtain a technical or business advantage. (*See* Protective Order ¶ 10.) Defendants, however, do not provide enough information by which the Court can make this assessment nor do Plaintiffs discuss this issue. Regardless, the Protective Order contains provisions for challenging discovery evidence designations, which Defendants could—but did not—follow.

5

An award of sanctions requires more than a mere violation; it requires a measure of damages. *See Harrell v. CheckAGAIN, LLC*, No. 03-0466, 2006 WL 5453652, at *2 (S.D. Miss. July 31, 2006) (citing *Graves v.. Kemsco Group, Inc.*, 864 F.2d 754, 756 (Fed. Cir. 1988); *Walle Corp. v. Rockwell Graphics Sys.*, No. CIV.A.90-2163, 1992 WL 165678, *2 (E.D. La. July 6, 1992)). Here, Plaintiffs expended specific resources to prepare a motion for this Court to seal the document and to prepare this motion to enforce the protective order. Such amounts are measurable.

**Conclusion**

The Court hereby GRANTS Plaintiffs' Motion to Enforce the Protective Order and for Sanctions. In an attempt to place the parties as close to the position they would be in had Defendants not violated the Protective Order, it is hereby ORDERED that Defendants' counsel pay Plaintiffs' costs and expenses in drafting and submitting their motion to seal the exhibit (Docket Entry No. 41) and their motion to enforce the protective order and for sanctions (Docket Entry No. 46). The Court will strike the portions of Mr. Christopher Mills's affidavit in response to the Plaintiff's motion for summary judgment that rely on the exhibit and related portions of the response that rely on those portions of Mr. Mills's affidavit. This order does not prevent Defendants from relying on the document as they would have had they abided by the "For Attorney's Eyes Only" designation or if the designation should change.

It is so ORDERED.

SIGNED this 12th day of November, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE